8    177
120    41

8    177
125    508

## JACOBS ET AL. *vs.* LEWIS'S HEIRS.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH AND CITY OF NEW-ORLEANS.

The general rule is, that the lands and slaves belonging to minors, cannot be sold for less than their appraised value. But the case of a licitation, provoked by a co-heir, or co-proprietor, to effect a partition, is an exception, and puts minors on a legal footing with persons of full age.

The prohibition against alienating minor's property; for *less* than its appraised value, does not extend to a case of a judgment against him, or of a licitation made at the instance of a co-heir, or other co-proprietor.

This is an action of partition.    The plaintiffs claim to be the transferees, by public acts, of all the shares or portions of six of the heirs at law of the late Robert Lewis, who died in the city of New-Orleans, in 1832, leaving a large property or estate.    The petition sets out the names of the several heirs, comprising the mother as the only ascendant living, who is entitled to one-fourth ; and brothers and sisters, or their legal representatives, entitled to the remaining three-fourths, to be equally divided among them.    It is further alleged, that some of the co-heirs, who are made defendants, are minors, and that the defendants reside out of the state

23

EASTERN DIST. The petitioners pray to be recognised as assignees of the
April, 1835. heirs named in the said act of transfer ; that a partition of
JACOBS ET AL. the common property of said estate be made, in such
vs.
LEWIS'S HEIRS. manner as may be deemed legal ; and that a *curator ad hoc*
be appointed to represent the absent heirs.

The attorney appointed to represent the absent heirs,
admitted the facts stated in the petition, and submitted the
case to the decision of the court, whether the prayer of the
petitioners should be granted.

The, court recognised the petitioners to be assignees, and
confirmed them in the portions or shares of said heirs,
severally transferred to them, and ordered a partition to be
made accordingly.

The register of wills offered the entire property for sale, to
effect a partition, by licitation ; which, failing to bring its
appraised value, no adjudication was made.

The counsel for the plaintiffs, took a rule on the attorney
of the defendants, to show cause why the property should
not be sold on the terms prescribed by the deliberations of
the family meeting, heretofore homologated by the court, *at
whatever price it may bring.* This rule was made absolute.
The attorney for the absent heirs appealed from the order
making the rule absolute.

*L. C. Duncan,* for the plaintiffs and appellees, relied on the
*Louisiana Code, articles* 1201 *to* 1208, in support of the
judgment of the Court of Probates.

*J. Slidell, contra.*

*Martin, J.,* delivered the opinion of the court.

The plaintiffs in this case, claim to be transferees of the
portions or shares of several of the heirs of the late Robert
Lewis, deceased, and demand an admission of their claims,
and seek a partition of said estate, between them and the
co-heirs of their transferors. The defendants and co-heirs
being absentees, an attorney was appointed by the court, to
defend their interests. He did not deny the allegations in

the petition, but submitted the case to the decision of the court. The partition was found extremely difficult and inconvenient to be effected, in any other manner than by a licitation. This was attempted. The estate was put up at auction, but the appraised value was not bid, and there being several minors among the defendants, the register of wills declined adjudicating the property, and there was no sale. The Court of Probates finally directed the property to be sold for whatever price it would bring.˜ From this decision, the defendants appealed. The correctness of the opinion of the court on this point, is the only question submitted for our solution and decision.

On this point, there seems to be little difficulty. It is true, the Louisiana Code, article 337, expressly declares that the lands or slaves, belonging to minors, shall not be sold for a less sum than its appraised value. But the case of a licitation or sale, at the instance of a co-heir or other co-proprietor, in order to provoke a partition, is expressly excluded by article 339 of the Code, from the prohibition contained in article 337.

This principle was recognised by this court at its last term, in the Opelousas district. It was there expressly laid down, that according to article 339 of the Code, the prohibition against alienating the immoveables and slaves of a minor, for a less sum than the appraised value mentioned in the inventory, does not extend to a case in which judgment is to be executed against him, or of a licitation made at the instance of a co-heir or other co-proprietor. See case of Towle's Administratrix vs. Weeks et al. 7 La. Reports, 312.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.

The general rule is, that the lands and slaves belonging to minors, cannot be sold for less than their appraised value. But the case of a licitation provoked by a co-heir, or co-proprietor, to effect a partition, is an exception, and puts minors on a legal footing with persons of full age.

The prohibition against alienating minors' property for less than its appraised value, does not extend to a case of a judgment against him on a licitation, made at the instance of a co-heir or other co-proprietor.