### FOSTER et al. *v.* ROUSSEL.

The sole object of the notice required to be given to a defendant in execution to appoint an appraiser, is to give him an opportunity to make an appointment. If he have done so, it is idle to enquire whether he had notice or not.

Any informality in the advertizement of a judicial sale is cured by the prescription of five years, established by sec. 4 of the stat. of 10 March, 1834. The statute applies to sales made previously to its enactment ; but the prescription of five years runs only from the date of the statute, as to anterior defects and informalities.

APPEAL from the District Court of St. Mary, *Overton*, J. *Crow*, for the appellants. *Splane*, for the defendant. The judgment of the court was pronounced by

SLIDELL, J. The object of this action is to enforce an alleged legal mortgage upon property in the hands of a third possessor, who derives title, through various mesne conveyances, from a sheriff's sale upon execution against *Foster*, the alleged debtor of the plaintiff.

It is urged that the sheriff's sale was a nullity, and did not divest *Foster's* title, because no notice of appraisement was given to him, and because the advertizement of sale was not duly made. We shall proceed to the considera-

tion of those objections, without enquiring whether the plaintiff is competent to raise them.

The objection that the sheriff's return does not state that *Foster* was notified to appoint an appraiser, is ineffectual. The return shows that he did appoint an appraiser, who acted. The sole object of notice is to give a defendant in execution an opportunity to appoint an appraiser. If he makes the appointment, it is idle to enquire whether he had notice or not.

As to the advertizement, it is said that the sheriff's return states that the property was advertized on the 17th August, yet that the sale took place on the 8th August. The sheriff's return shows that the property was first advertized for cash, and afterwards at twetve months' credit. The exposure for sale for cash, took place on the 20th July, 1833, and for want of bidders, it was, as declared in the return, re-advertized on that day for the 8th August ensuing. This latter advertizement appears to have been regular, and it is obvious from the whole tenor of the return, that the statement that the first advertizement took place on the 17th August was a mere clerical error. But, however, this may be, there is another consideration which is fatal to the plaintiff. The sale took place in 1833, and this action was instituted in 1843. If there was an informality in the advertizement, it is covered by the prescription of five years, established by the act of 10 March, 1834. It has been argued by counsel that this statute cannot be invoked, because the sale was antecedent to its enactment. Laws of prescription may undoubtedly be enacted to take effect upon past as well as future transactions. The only qualification is, that courts of justice in applying a new law of prescription to the past, will not permit the law to retroact beyond its date in the application of the new term to the computations. It is true that the first section of this statute, prescribing to sheriffs and other public officers the duty of stating in the *procés-oubal*, or act of sale, the manner, time and place of making advertizements, speaks, and very naturally, "of sales hereafter to be made." But, in the 4th section, which establishes the prescription of five years, there is no such limitation. The interpretation we have given to the statute, accords with the opinion expressed in *Valderes* v. *Bird*, 10 Rob. 396, and in another case there cited.

*Judgment affirmed.*