## JONES et al. v. CROCKER.

The pendency of an action in which one of the joint proprietors of a lot of ground claims from his co-proprietor a sum for improvements, with a privilege upon the lot, cannot prevent the latter from obtaining a partition of the property until the claim is settled. *Per Curiam:* Such a claim is to be taken into account in making the partition, but cannot prevent it. C. C. 1272.

It is no objection to a judicial partition that the experts selected to form the lots under article 1289 of the Code, had acted as appraisers when the property was inventoried.

A notary is not bound, under art. 1290 of the Civil Code, when contestations arise in the course of a partition, to prepare, in all cases, a *procès-verbal* of the objections and declarations of the parties, and to suspend his proceedings and refer the parties to the judge having cognizance of the partition for his decision thereon. He must exercise a sound discretion in ascertaining when they are serious, and, when satisfied that they are not, should disregard them.

Where a partition, made by a notary, provides that a party who had drawn one of the lots into which the property was divided, should pay a certain sum to his co-proprietor on account of the greater value of the lot drawn by the former, judgment should be rendered in favor of the latter for the amount, at the time of homologating the report. The party should not be compelled to institute a separate action for the amount.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *Micou.* for the plaintiffs. *A. Hennen*, for the appellant. The judgment of the court (*King*, J. absent,) was pronounced by

ROST, J. By the decree of this court, reported in 1 An. p. 442, the plaintiffs were decreed owners, and recovered of the defendant, an undivided half of a town lot in this city. The object of this suit is the judicial partition of the property, and the defendant has appealed from the judgment homologating the partition which has been made.

The defendant first excepted to the action, on the ground that there was already a suit pending, in which he claimed of the plaintiffs sums of money for improvements, etc., with privilege upon the lot, and that no partition could take place until that account was settled. The District Court properly overruled this exception. Claims of that description are to be taken into account in making the partition, but cannot prevent it. C. C. 1272.

After the exception had been overruled, two partitions were successively made, and, on the opposition of the defendant, set aside, on account of informalities. The parties were a third time referred to the notary, who proceeded to appoint and swear experts to form the lots, under art. 1829 of the Civil Code. The defendant then claimed the right to choose and nominate one of the experts. He nominated *Mark Walton*, and requested an adjournment of one hour, for the purpose of producing him. This request having been acceded to by the plaintiffs and the notary, after the expiration of an hour and a half the defendant did not return, and his counsel stated that he could not find *Mark Walton;* whereupon the notary having directed the experts originally appointed to proceed, the said counsel of the defendant objected that the experts named were the same persons who had previously acted as appraisers in the inventory of the property, and that they were incompetent on that ground. He asked that the competency of the experts might be referred to the judge of the partition, and the proceedings therein suspended, until his opinion was had. But the notary being of opinion that this objection was unfounded in law, and

being moreover required by the plaintiffs to proceed, refused to suspend the proceedings, and went on to complete the partition.

<div style="float:right">JONES<br>*v.*<br>CROCKER.</div>

The defendant's counsel assigns this refusal of the notary as an error which vitiates the partition. He contends that, under art. 1290 of the Civil Code, when contestations arise in the course of a partition, it is the duty of a notary in all cases to make a *procès-verbal* of the objections and declarations of the parties, to suspend his proceedings, and to refer the said parties to the judge of the partition for his decision on them.

This interpretation would put it in the power of a tenant in common to defeat at pleasure the action of partition. Whenever contestations arise, it is the duty of the notary to exercise a sound discretion in ascertaining whether they are serious, and when he is satisfied they are not, he is to disregard them. That discretion was correctly exercised in this case. The circumstance that the experts selected had on a former occasion appraised the property, could not disqualify them.

The grounds of the opposition made by the defendant to the homologation of the partition, and the bills of exception taken by him in the course of the proceedings, are of too frivolous a nature to require special notice.

The plaintiffs, in taking the rule for the homologation of the partition, ask a judgment against the defendant for $500, this being the sum which, under the partition, he is to return to them, on account of the greater value of the lot drawn by him.

The District Court refused to give the judgment. It simply homologated the partition, and decreed to each of the parties to it the lots respectively assigned to them therein, leaving the plaintiffs to institute a separate action for that sum. We think the judgment should be amended so as to insure to the plaintiffs the possession of the return in money, as well as that of the town lot assigned to them.

It is, therefore, ordered that the judgment in this case be amended, so that the defendant be decreed the separate owner of the town lot assigned to him in the partition, and that he pay the said plaintiffs the sum of $500, with interest from this date and costs. It is further ordered that the judgment as amended be affirmed, with costs.