SUCCESSION OF GASSEN *v.* H. W. PALFREY.

A purchaser at a judicial sale, who, before paying the price or entering into possession of the thing purchased, discovers illegalities in the proceedings which have led to the sale, calculated to throw a cloud upon his title, may refuse to execute the purchase. But the burthen of proving the illegalities will be upon him.

The vacancy of the office of tutor, by death or amotion, does not vacate that of under-tutor; on the contrary, it is the duty of the under-tutor in such cases, to cause another tutor to be appointed. C. C. 303.

Where there are several minors interested in a petition, there should be a tutor appointed to each. C. C. 1291.

APPEAL from the District Court of the Parish of Jefferson, *Clarke*, J. *Brunett*, for plaintiffs and appellants. *G. B. Duncan*, for defendant.

BUCHANAN, J. *Palfrey* purchased a tract of land and improvements, at a public sale made under a judgment of partition among the heirs of *Gassen*, some of whom were minors, and some of full age. Being called upon by rule to comply with the terms of adjudication, he has alleged various nullities in the proceedings, most of them anterior to the judgment which ordered the sale. As to these, the counsel for appellants contend, that they should not be noticed by the court; that a *bona fide* purchaser at a judicial sale, is protected by the decree which ordered the sale, and is not bound to look beyond it.

The cases cited by the learned counsel upon this point, commencing with the leading one of *Lalanno's Heirs* v. *Moreau*, in 13th Louisiana, were all petitory actions, brought by persons claiming under those whose title had been divested by a judicial sale, against the purchasers at such sale, or their assigns, after the sale had been consummated by the payment of the price, and followed by a long possession of the thing sold on the part of the purchaser. See 13th La. 432. 16th La. 440. 3d Rob. 122. 2d Ann. 466.

The doctrine settled by those decisions, is fully recognized by us. But it is not applicable to the present case, which is that of a purchaser at a judicial sale, who, before paying the price, or entering into the possession of the thing purchased, discovers illegalities in the proceedings which have led to the sale, calculated to throw a cloud upon his title. For such a person, there is a *locus penitentiæ* afforded by the misconduct or negligence of those with whom he has contracted, and who are the warrantors of his title. The presumption, *omnia rite acta fuisse*, created by the law for his protection, cannot be invoked against him, as an estoppel, although available to throw the burden of proof upon him, of the illegalities of which he complains.

Of the grounds of defence pleaded to this rule, the ninth is as follows: "There never has been a legally formed family meeting held in the case for the appointment of a tutor or under-tutor to the minors in interest, (or special tutor to represent them in the proceedings in partition,) nor hath any such appointment ever been legally approved by the court."

This ground of defence to the rule, branches, in argument, into three specifications, to wit: that the members of the family meeting, convened for the purpose of appointing a dative tutor, were not summoned three days beforehand, to attend said meeting; that upon the death of the mother and natural

tutrix of these minors, the under-tutor became *functus officio*, and a new appointment of under-tutor should have been made at the same time that a dative tutor was appointed; and that, as there were several minors interested in the petition, there ought to have been a special tutor appointed to defend the interest of each minor therein.

The members nominated by the Judge to compose the family meeting, all appeared before the notary public, two days after the order for its convocation, and having formally waived citation, as appears by the *proces verbal*, organized the meeting. We do not consider the three days notice as sacramental. The sole object of notice was to insure their attendance, and that object being attained without the expense of notices, was a benefit to the minors.

The vacancy of the office of tutor by death or amotion, does not vacate that of the under-tutor. On the contrary, it is the duty of the under-tutor in such case, on his responsibility, to cause another tutor to be appointed. C. C. 303. 2d Annual, 942.

The objection that there should have been a special tutor appointed *ad hoc* for each minor interested in the partition, is well taken. Civil Code, Article 1291. 5 Ann. 208.

In the present instance, there were two minors interested in the partition, both represented by the same tutor—a case falling within the letter of Article 1291 of the Code; and what rendered the observance of the requirement of this article for the appointment of special tutors for each minor more peculiarly appropriate, (apart from the letter of the law, which is imperative,) was the fact, that the tutor of the two minors was himself the husband of one of their co-heirs, and as such a party to the suit in partition. It is not here out of place to remark, that this tutor purchased, in his own name, at the sale in question, six out of the twelve slaves belonging to the succession.

We are of opinion, that the neglect to appoint tutors *ad hoc* to each of the minors interested in the partition, releases *Palfrey* from his obligations under the adjudication of the 19th October, 1852.

It is therefore adjudged and decreed, that the judgment of the District Court be affirmed, with costs.