Johnson et al. vs. Barkley et al.

## No. 11,554.

### BRADISH JOHNSON ET AL. VS. JOHN BARKLEY ET AL.

1. The defendants allege that the proceedings were null because the petition for partition does not refer to an inventory.

   *Held:* An inventory had been made, and such a reference is not required.

2. That a family meeting should have been held out of the State at the minor's home.

   *Held:* The appointment of his guardian was recognized by a court in this State having jurisdiction. That court had jurisdiction to direct the holding of the family meeting.

3. The succession was opened in Division "B;" the petition for partition was allotted to Division "E."

   *Held:* The Civil District Court had jurisdiction, and the judgment rendered in the latter division without objection to the allotment is valid.

4. There is no order of court directing the price to be paid to the auctioneer.

   *Held:* The auctioneer who makes a partition sale may execute the act and receive the price.

APPEAL from the Civil District Court for Parish of Orleans. *Ellis*, *J.*

*Thomas J. Semmes* and *Henry Denis* for Plaintiffs, Appellees.

*Percy Roberts, Charles F. Claiborne, W. S. Benedict* and *H. C. Cage* for Defendants, Appellants.

The opinion of the court was delivered by

BREAUX, J.   The defendants refused to accept title tendered, and prosecute this appeal to have the judgment reversed, which condemns them to accept the titles and pay the price.

Their grounds are that the petition for partition does not refer to any inventory or appraisement; that the family meeting should have been convened in New Haven, Conn., the domicile of the minor, and not in New Orleans; that the succession of Bradish Johnson, opened in Division "B," was not closed at the time the suit for partition was filed, and as the heirs were not placed in possession until 1894 the partition suit should have been filed in Division "B," and the allotment to Division "E" was erroneous, and the judge of that division had no jurisdiction or power to render the decree of partition; that there is no order of court directing the price to be paid to the auctioneer, and they refuse to pay to the auctioneer on the execution of an act of sale by him alone.

The facts as to the petition for a partition are as stated by the defendants; but there was an inventory and appraisement within a few months prior to the suit for partition of the property. The partition suit was brought and the partition decree signed within a few months prior to the suit for partition. The necessity for a sale of the property to effect a partition was proved.

Regarding a family meeting, the fact is, that a family meeting was held on the 21st April, 1893, in this city; it recommended a sale of the property by public auction on the terms agreed to by the major heirs and mentioned in the decree of partition. That the recommendations were approved by the court and the proceedings duly homologated.

This family meeting was called on the petition of Stephen Whitney, as guardian of his minor sons under appointment by the Probate Court in New Haven, who was duly recognized by the lower court in this State, as guardian, authorized to represent his wards; that an under-tutor was appointed by the latter court.

It is also a fact that the succession was opened in Division "B;" the petition for partition was filed and allotted to Division "E," and that there is no order of the court directing the price to be paid to the auctioneer.

WITH REFERENCE TO THE ALLEGED NECESSITY OF REFERRING TO THE INVENTORY IN THE PETITION FOR PARTITION.

The sale can be made regardless of the appraisement. Shaffet vs. Jackson, 14 An. 154; Life Association vs. Hall, 33 An. 52; Bayhi vs. Bayhi, 35 An. 530.

It follows as a conclusion that there was no necessity to refer to the inventory in the petition for partition.

REGARDING THE FAMILY MEETING.

The immovable property was within the limits of Louisiana, and the court having jurisdiction of the suit for partition was authorized to direct the proceedings of family meeting here in the interest of minors residing abroad. Not being residents of this State, their residence for the purpose of the partition and for the family meeting was at the situs of the property. It would be different if they were residents of another parish within the State.

While this court, perhaps, has referred to judical proceedings in

the interest of minors, residing out of the State, as cumulative and as adding to the protection of their interest, it was never contemplated that family meetings could be held abroad for the alienation of the immovable property of the minor in this State. James vs. Meyer, 41 An. 1100; James vs. Meyer, 43 An. 44; Succession of Lewis, 10 An. 791: Bailey vs. Morrison, 4 An. 523.

RELATIVE TO THE ALLOTMENT OF THE PARTITION SUIT FOR TRIAL.

The suit was not for a definitive partition of the estate.

If the suit should have been brought before Division "B" the error was cured.

The heirs were cited before Division "E" of the court having jurisdiction; those not cited were plaintiffs.

They raised no objection to the allotment made to Division "E." Judgment was pronounced in these partition proceedings and the property was sold.

It is too late to raise objection on appeal to a decree because the judge of one of the divisions of the court rendered the decree after an allotment alleged erroneous. Improvement Company vs. Judge, 41 An. 567; Buisson vs. Lazarus, 33 An. 1425; James vs. Meyer, 43 An. 38; Pironi vs. Riley, 39 An. 302.

WITH RESPECT TO THE INSUFFICIENT ORDER OF COURT TO THE AUCTIONEER.

The adjudication was a sale; that officer has the authority under his commission to execute the act of sale and receive the price. Couvas vs. Bertoulin, 45 An. 160.

We agree with the learned judge of the District Court that all the heirs of Bradish Johnson being plaintiffs in the suit against the purchasers at the partition sale to compel the latter to comply with the adjudication to them and pay the price, the purchasers must pay the price and complete the sale.

The judgment is therefore affirmed at appellant's costs.