(74 South. 186)

No. 21053.

DENENA v. GEMELLI.

(Feb. 12, 1917.)

*(Syllabus by the Court.)*

1. PARTITION ⊙25(1) — SALE — MINOR DEFENDANTS.

Where minors are sued for the partition of property, indivisible in kind, the judge may order it to be sold for cash, without the advice of a family meeting, and without regard to the appraisement.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 77, 79.]

2. PARTITION ⊙26—SALE—DEBTS.

The existence vel non of debts has no bearing upon the question of the right of the owner of property held in indivision to provoke the sale, in order to effect a partition of the property so held.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 68–71, 75.]

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Suit by Leon Denena against Joseph Gemelli. Judgment for plaintiff, and defendant appeals. Affirmed.

Meyer S. Dreifus, of New Orleans, for appellant. Oliver S. Livaudais and J. Kenton Bailey, both of New Orleans, for appellee.

### Statement of the Case.

MONROE, C. J. Defendant prosecutes this appeal from a judgment condemning him to accept title to certain real estate which had been adjudicated to him at public auction. His reasons for refusing to accept the title, as stated in the brief herein filed by his counsel, are:

"That the interest of Michael O'Keefe, one of the heirs of Michael O'Keefe, deceased (plaintiff's author in title), had never been properly or legally divested; that the proceedings No. 77975, which purported to be a partition of the said property among the several coheirs of Michael O'Keefe, were irregular; that one of the heirs of Michael O'Keefe was an interdict, and that his interest was adjudicated, together with (that of) his several coheirs without the intervention of a family meeting to suggest whether or not the property should be sold on terms of credit, and without any evidence being offered to show that it was necessary to sell the said property for the purpose of paying debts."

The facts do not clearly appear in the transcript (from which the proceedings No. 77975 of the docket of the Civil District Court have been omitted, though offered in evidence), but it is apparently conceded, in the briefs of counsel, that the property in question was sold for cash at public auction by virtue of a judgment decreeing a partition at the instance of the major heirs of Michael O'Keefe; that Michael O'Keefe, a minor interdict, was one of the defendants in that suit, and that no family meeting was held to fix the terms upon which his interest should be sold.

## Opinion.

[1] It is well settled that, where minors are sued for the partition of property, shown to be indivisible in kind, the judge may order it to be sold, for cash, without the advice of a family meeting and without regard to the appraisement; the case of a licitation provoked by a coheir and coproprietor being an exception to the general rule, that the property of a minor can be sold only upon the advice of a family meeting and for its appraised value. Doucet v. Fenelon, 120 La. 40, 41, 44 South. 908, citing C. C. arts. 345, 1314; Jacobs et al. v. Lewis' Heirs, 8 La. 177; Shaffet v. Jackson, 14 La. Ann. 154; Life Association v. Hall, 33 La. Ann. 52; Bayhi v. Bayhi, 35 La. Ann. 530; Crawford v. Binion, 46 La. Ann. 1266, 15 South. 693; Johnson v. Barkley, 47 La. Ann. 99, 16 South. 659. See, also, Buddecke v. Buddecke, 31 La. Ann. 574; Succession of Becnel, 117 La. 749, 42 South. 256.

[2] The existence vel non of debts has no bearing upon the question of the right of an owner in indivision to provoke the sale, in order to effect a partition of the property so held.

Judgment affirmed.