109 So.2d 908

Helen Guillie NIDES

v.

William B. HOYLE (two cases).

Nos. 43754, 43761.

March 23, 1959.

Jorda S. Derbes, New Orleans, for plaintiff-appellee-appellant.

Virgil M. Wheeler, Jr., Richard P. Dee, Jr., New Orleans, for appellee.

PONDER, Justice.

The plaintiff sought partition by licitation of a double house bearing municipal numbers 731–733 Aline Street in the City of New Orleans and for an accounting. The defendant opposed the suit averring that the plaintiff did not own any interest in the property. The lower court granted the plaintiff's demand for partition and ordered an accounting. The lower court ordered the sale of the property stayed until the accounting was made. Both plaintiff and defendant have appealed.

In view of the fact that in these consolidated cases the wife in one instance is the plaintiff and in the other the husband

is the plaintiff, we will hereafter refer to the parties as husband and wife in order to avoid confusion.

The husband acquired the property involved herein during the existence of his marriage with his wife on May 21, 1940. Some three years thereafter, on April 2, 1943, the husband obtained a judgment of divorce dissolving the marriage. No community property was mentioned in the divorce judgment. Prior to the rendition of the judgment of divorce, on January 13, 1943, the wife executed an affidavit before a notary public stating therein that she gave the husband custody of their two children and all interest that she had or may possess in the household effects, and all interest in the property involved in this suit. It is stated in the affidavit that due to separation from bed and board, and since the parties are seeking a divorce, the wife made these transfers to her husband. There is nothing in the record to indicate that there was any suit pending for a separation or divorce and we take it that the affiant merely meant that she and her husband were living separate and apart and that a suit for divorce was contemplated. However, the suit for divorce had not been instituted and was not pending at the time the affidavit was made.

The husband contends that the giving of the property involved herein, in the wife's affidavit of January 13, 1943, was an onerous donation; in the alternative, that it was a partition of the community; that the wife has ratified the partition; and that she is now estopped, after a lapse of thirteen years, from asserting any ownership in the property. The husband further contends that if the court should find adverse to him in these contentions that then he is a good faith possessor and should be required only to account for revenues from the date of judicial demand.

On the other hand, the wife takes the position that the affidavit is neither an onerous donation nor a partition but a prohibited contract. She contends that, if the purported transfer should be held to be a donation, it must necessarily be a donation omnium bonorum because it would divest her of all her property in contravention of law. She takes the further position that the court should order the sale of the property and that an accounting should be had thereafter.

It appears from the argument advanced on behalf of the husband that the affidavit imposes upon the husband the duty to support the children and the assumption of the obligation of the community, which are charges sufficient to support an onerous donation.

As we take it, the husband is obligated under the law to support the children and to pay the community debts, therefore, the affidavit does not purport to im-

pose any additional charge upon the husband. In other words, no obligation is sought to be placed upon the husband other than what he is obliged to meet under the law. It is so well settled that it is the obligation of the husband to support his children and meet the community debts it is unnecessary to cite authority to support this conclusion.

Insofar as the contention that the affidavit constitutes a partition of the community property, this Court has held that a contract of this nature between husband and wife is absolutely null and void when entered into prior to a judicial separation or divorce. Sheard v. Green, 219 La. 199, 52 So.2d 714, and the cases cited therein.

Under the provisions of Article 1289 of the LSA–Civil Code, a co-owner has an absolute right to demand an action of partition. This right of a co-owner has been recognized by all the decisions of this Court whenever this question has been posed. The existence of debts has no bearing on the right of an owner in indivision to provoke the sale of the property to effect a partition. Article 1289 of the LSA–Civil Code; Jones v. Crocker, 4 La. Ann. 8; Denena v. Gemelli, 140 La. 893, 74 So. 186. Whenever a partition by licitation is ordered the sale of the property should be ordered immediately, the proceeds should be turned over to the clerk and deposited in the registry to be distributed in accordance with further orders of court. Bickham v. Pitts, 185 La. 930, 171 So. 80. The sale of the property cannot be stayed in order to inquire into the merits of the claims against the property. Labauve v. Woolfolk, 26 La.Ann. 440; Aucoin v. Greenwood, 199 La. 764, 7 So. 2d 50. The proper time for an accounting is after the sale has taken place, at which time claims are presented for approval and oppositions thereto are permitted. Articles 1027, 1028, 1029 and 1030 of the Code of Practice.

For the reasons assigned, the judgment of the lower court is amended so as to order an immediate sale of the property and the deposit of the proceeds derived therefrom deposited in the registry of the court to await an accounting as the law directs. Costs are to be paid equally by the plaintiff and defendant.

FOURNET, C. J., absent.