No. 3279.—WILLIAM EMMER *v.* MRS. JAMES KELLY.

| 23 763 |
| 46 1265 |

In an action of partition commenced by the heirs, one citation addressed to the surviving wife in her individual capacity and as natural tutrix of her minor children is sufficient. In such a case there is not such a confliction of interest as requires the interposition of the under tutor.

The tutor or tutrix is the proper party to invoke a family meeting for the purpose of deliberating on the question of a judicial partition where minors are interested.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont,* J. *McGloin & Kleinpeter,* for appellant. *Randolph, Singleton & Browne,* for appellee.

TALIAFERRO, J. This suit is founded on a rule taken upon the defendant to show cause why she should not comply with the terms of sale of a certain lot of ground situated in New Orleans and purchased by her at public auction on the twenty-sixth of March, 1870, by a duly licensed auctioneer of said city ; she being the last and highest bidder for the property, and the same having been duly adjudicated to her, she is required by the proceeding taken against her to comply with the terms of the adjudication and receive title therefor.

The defendant answers by alleging defects in plaintiff's title, averring that he acquired the property from Riddell, and that the latter acquired it by an act of partition of the succession of his father, Dr. Riddell, which partition the defendant alleges was illegal, and therefore void, for the reason that the formalities of law required in judicial partitions were not observed in making the partition of the succession in question.

The judgment of the court was in conformity with the plaintiff's motion, and the defendant has appealed. The case comes up on a statement of facts and admissions of the parties.

The exceptions taken to the proceedings in partition are numerous and of a technical character. First. That the citation was directed to the natural tutrix individually and as tutrix of her minor children, whereas two citations should have issued, one to Mrs. Riddell in person and the other to her as tutrix. We see no weight in this objection. The citation informed her that on her own behalf as having an interest in the succession and as the representative of her minor children she was called upon to show cause why a partition should not be made. The co-heir having an interest, had a right to compel a partition. It was his duty to cite the other parties in interest. In this incipient proceeding there was no such confliction of interest between the tutrix and minors as made it necessary for the under tutor to represent them. These remarks embrace the first and second grounds. The third is that no trial was had on the issues made. A decree of partition was rendered. It was not appealed from, and seems to have been satisfactory to all the parties. Fourth. That the calling a family meeting to

deliberate upon the manner of making the partition and advise in relation to the proceeding on the part of the minors was made by petition of the tutrix instead of the under tutor. We think it was the province of the tutrix to act in that case. Fifth. That there was in the incipiency of the proceedings such a confliction of interests as required the separate appointment of a tutor *ad hoc* to each minor. No such confliction of interest is shown. In the ulterior proceedings, especially in the act of making the partition, separate tutors were severally appointed for the minors. These tutors *ad hoc* specially appointed were duly sworn, and acted for the minors.

From the statement of facts we find there is no support given by them to the ground taken by the defendant that the partition was not duly homologated. The act of partition being completed, the notary by whom it was drawn up filed it in the proper court. A motion was filed by the tutrix suggesting the filing of the instrument, and obtained an order that the various special tutors show cause on a day fixed why the act of partition should not be homologated. Service of citation and petition was moved by all the tutors *ad hoc*. The motion was tried, counsel for the parties were present, the order of homologation was duly rendered and signed.

We see nothing in all the various objections rendering null these proceedings, which took place in 1867, and seem to have been regular and sufficiently in compliance with law.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.