## No. 2839.

### JOSEPH MACHECA *v.* PHILIP AVEGNO, AND PHILIP AVEGNO *v.* JOSEPH MACHECA. (Consolidated cases.)

Servitudes, when an act of sale is silent on the subject, can only be shown by proof of the use or existence thereof for a period sufficient to establish title, and this may be proved by parol. All agreements in relation to such use may also be proved by parol, unless it is shown that they were reduced to writing.

The evidence in this case shows that the alleged servitudes were subject to the will of the owner of the property on which they were exercised, and that the owner or owners of the other property in whose behalf said servitudes were claimed to be established never acquired any legal title thereto.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J. W. B. Koontz,* for appellee. *Sambola & Ducros,* for appellant.

Justices concurring: Ludeling, Taliaferro, Howell, Wyly and Kennard.

HOWELL, J. These two suits involve the right to the servitudes of passage and of drain claimed by one of the parties upon the property of the other, and damages alleged to have resulted from an injunction taken out by the creditor of the servitudes, which was dissolved in a former litigation.

The claimant or creditor of the servitudes objected to oral proof of any agreement between the former owners of the two properties as to the title to said servitudes, on the ground that they are real property, and the proof must therefore be in writing.

As the various acts of sale of the two properties are silent in regard to the alleged servitudes, the said servitudes can only be shown by proof of the use or existence thereof for a period sufficient to establish title, and this use may be proven by parol. It follows that all agreements in relation to such use may also be proven by parol, unless it is shown that they were reduced to writing, which was not done.

The evidence in this case shows that the alleged servitudes were subject to the will of the owner of the property, on which they were exercised, and that the owner or owners of the other property never acquired any legal title thereto. The judgment, therefore, on this question was correctly rendered in favor of the alleged debtor.

As to the damages, they were claimed in reconvention in the injunction suit and rejected as of nonsuit. The evidence in the present proceeding does not establish the right to the damages claimed or allowed. See 12 An. 587.

It is therefore ordered that the judgment in the case of Macheca v. Avegno be affirmed, with costs in the lower court, and that the judgment in the case of Avegno v. Macheca for $180, general damages, and $250 special damages, as counsel's fees, be reversed, and that there be judgment on the claim for damages against the said Avegno, plaintiff, with costs of said suit in the lower court—appellee to pay costs of appeal.