*1262 The opinion of the court was delivered by
Breaux, J.
The plaintiffs sue for the recovery of a three-fourth interest in lands described in their petition.
Their father, the late T. S. Orawford, resided in Oaldwell parish, and left a wife and four children, minors at the date of his death.
Their mother qualified as their tutrix and shortly afterward removed to Texas, and married, in 1878, one J. P. McGuire, from whom she obtained a divorce in 1878.
In 1880 the tutrix visited relatives in Madison parish, and while in that parish on a visit, a family meeting was held and recommended her appointment as tutrix without bond. The tutrix qualified, also an under-tutor.
The tutrix never resided in that parish and owned no property situate within its limits.
On the 15th day of December, 1882, one of the heirs, Mary Ris-Inger, joined by her husband to authorize her, brought suit in the District Court of Richland parish to partition a plantation containing four hundred and ten acres, the property of the late T. S. Orawford.
In her petition for the partition she alleged the interest she claims .and the interests of her mother and co-heirs. She averred that they were absentees; also that it was necessary to appoint a curator ad hoc to represent her mother and her mother’s husband, individually and as tutrix and co-tutor of the absentee; also to represent each of the minors.
The prayer of the petition is that a curator ad hoc be appointed to represent Mrs. Alice A. McGuire and her husband, individually and as co-tutor. The minors are not personally named nor referred to as absentees to be represented.
Upon consideration of the petition the clerk of the District Court issued an order appointing an attorney at law to represent the parties, including the minors personally.
The court subsequently pronounced a judgment of partition, decreeing a sale of the plantation to effect a partition upon terms to be fixed by a family meeting, and ordering that a family meeting be held to recommend the terms.
In March, 1884, the property, under this judgment, was offered for sale, and adjudicated to John A. Hernler, the warrantor.
On the 27th November, 1888, Hernler sold the property to R. L. Binion.
*1263 The records do not contain a copy of proceedings of any family meeting in the interest of the minors to fix the terms of the partition sale, as decreed in the judgment for a partition.
This is urged as one of plaintiff’s grounds to annul the proceedings of partition; the plaintiffs also aver that the defendants in the suit for partition, plaintiffs in the present suit, were minors and riot rep. resented in the proceedings; that their mother had lost her natural tutorship by her second marriage, and that the appointment of a curator ad hoe to represent their mother personally and as tutrix, and appointing the same curator to represent each of the minors, who had conflicting interests, was an absolute nullity; that the curator ad hoe never was cited and never answered; that the court of Rich-land parish was without jurisdiction to settle the succession of T. S. Crawford, whose last place of domicile was the parish of Caldwell, where his succession was opened.
The plaintiffs claim rent at the rate of four hundred dollars per annum, and that the defendant and warrantor were in bad faith.
JURISDICTION IN PARTITION.
Primarily the inquiry suggests itself, was the court of Franklin parish vested with jurisdiction?
The property was owned in indivisión. No administrator nor executor opposed the application to make a partition at the situs of the property. It does not appear that there were debts or that there was the least necessity of establishing a residuum, of interest owned by the heirs.
The property was owned by the surviving widow and the heirs, who were parties to the proceedings. This being the condition, the court had jurisdiction; not an exclusive jurisdiction, for th,e court of the domicile may issue similar orders and pronounce similar decrees in the course of the settlement of the succession.
The jurisdiction of the court of the domicile does not necessarily ■exclude the jurisdiction of the court of the situs of the property. Co-heirs made defendants who are cited to appear before the court where the property is situated, and make no defence, but submit themselves to the court’s jurisdiction by offering no defence, can not be heard to question the validity of the title of the purchaser at the partition sale who bought it in good faith.
The property was not owned exclusively by the succession. The *1264 surviving widow had an interest in the land. Buddecke vs. Buddecke, 31 An. 572.
APPOINTMENT OF CURATOR AD HOC TO REPRESENT MINORS.
It is a-rgued for plaintiff that the defendants in the partition proceedings were absentees, and that they were not legally made parties to the suit; that they were not cited.
To sustain the arguments they allege that the appointment of the curator ad hoc was an absolute nullity in that it was ultra petitum^ that the petition did not make them parties individually, nor as absentees, but simply as minors represented by one who was no longer tutrix.
In the body of the petition it is asserted that an appointment, should be made to represent the minors personally. The omission in the prayer is cured by the order appointing the curator ad hoc. The officer sets forth in the order of appointment that after having considered the petition he made the appointment of the curator ad hoc to represent the minors personally, as well as their tutrix.
The plaintiffs themselves did not consider it a fatal irregularity, for in their petition in this case they allege:
“ 4. The appointment of a curator ad hoc to repfesent Mrs. A. McGuire individually and as tutrix, and appointing the same curator to represent each of the minors who had conflicting interests, was and is an absolute nullity.”
In the face of this allegation, the objection urged in argument only, that the prayer does not include the minors personally, has no merit.
THE MINORS PROPERLY REPRESENTED.
This brings us to the second point presented in plaintiff's petition to annul the petition, that the minors who had conflicting interests could not be represented by one curator; that each absent minor-must be represented by a curator ad hoc.
The law’s provision upon the subject is, that the several minors who have opposite interests in the partition, and who have the same-tutor, “there shall be appointed to each of them a special tutor ad hoc whose functions shall cease after the partition has been effected.” O. O. 1369.
The sale made to effect a partition is merely one of the acts of the partition. Hooke vs. Hooke, 14 L. 23.
*1265 In establishing the shares of the minors in the partition who have opposite interests, special tutors must be appointed also'in forming lots in a partition in kind, for in forming these lots the minor absolutely parts with an interest and becomes the absolute owner of the interest allotted to him.
The necessity of such an appointment does not arise in the matter of the sale of the property to effect the partition.
The rights of the defendants inter se remained as if no sale had been made. Their rights attach to the proceeds. In definitely settling those rights, a conflict of interest may arise rendering it necessary to appoint a special tutor to each minor.
The proceedings to sell do not suggest the necessity of appointing a different curator ad hoe to represent each party in interest.
The functions of the curator are not of such a character as require such separate representation at the sale.
In Succession of Pinniger, 25 An. 55, a similar question was considered, and the court in that case announced that the fact that there were not special tutors ad hoe appointed for the minors at the sale did not concern the purchaser; that the duty of such tutors begins at the partition before th enotary, and if not appointed at the time of the sale they may be appointed afterward, before the notary begins the partition.
In Emnor vs. Kelly, 23 An. 764, the court said: “ In the ulterior proceedings — that is, after the sale — especially in the act making the partition, separate tutors were severally appointed by the minors.”
• In the Rev. Oivil Oode the article requiring such appointments — viz., Art. 1369 — is found under the rubriques: “How the notary is bound to proceed in judicial partition,” and relates more particularly to the forming of lots and the method to be followed in the partition proper.
The plaintiffs also plead, as a ground to annul the sale, that the curator ad hoe was never cited and did not file an answer.
The plaintiffs on the trial “ admitted that the original suit, No. 841, Mrs. M. E. Risinger vs. Mrs. A. A. McGuire et al., has been lost or mislaid, after diligent search, except the original appraisement of the property made by B. E. Newberry and M. O. Williams — appraisement being one thousand eight hundred dollars to effect a partition ; except also the original order of sale directed to the sheriff *1266 of the parish of Richland, giving the terms of the sale as agreed to by a family meeting.”
We are not informed whether or no a citation was among the lost documents.
The minutes show that “ in this case there.was an answer filed.”
The documents being lost, this extract from the minutes supplies the loss, as it shows that an appearance was made on behalf of the defendants in the partition proceedings.
Granted that the tutrix had forfeited her trust as tutrix by permanently leaving the State, her minor children, who were with her and absentees, were represented by a curator ad hoc.
‘ ‘ If the minor against whom one intends to institute a suit has no tutor, the plaintiff must demand that a curator ad hoc be named to defend the suit.” Art. 116, C. P.
Interpreting that article in Buddecke vs. Buddecke, 31 An. 574, this court held that “the minors, being absentees, were properly represented by curators ad hoc.”
In Zuberbier vs. Prudhomme, 34 An. 1048: Minors may be made parties through a curator ad hoc.
The plaintiffs also allege that “no family meeting was ever held in the interest of said minors to fix the terms of said partition sale.”
In the admission made relative to lost documents, the record discloses that there is an order of sale extant giving the terms of the sale as agreed to by a family meeting.
Whatever may have Been the informalities and irregularities of the meeting are not before us; only the admission is of record. There may have been grave irregularities, but the admission made to supply lost records is an answer to the allegation that no such meeting was held fixing the terms of the sale.
Moreover, in an action of partition against minors the terms need not be fixed by a family meeting. C. C. 1237.
In Shaffet vs. Jackson, 14 An. 157, it was decided that “ where minors are sued for a partition a family meeting is not necessary to authorize the suit, or to fix the terms of the sale.”
THE INNOCENT PURCHASER.
As to strangers, there is no good reason to hold them bound because of informality, however great, or because no family meeting at all was held.
*1267 The principle is now well established that a probate sale to effect a partition is a judicial sale, and the purchaser is protected by the decree, beyond which, if the court have jurisdiction, he need not look. Lalanne’s Heirs vs. Moreau, 13 La. 431.
“The order of sale, it has been held, is a judgment, and that the purchasers under it are protected.” Graham Heirs vs. Gibson, 14 La. 150; Shaffet vs. Jackson, 14 An. 155.
The court, we have determined, had jurisdiction, and the heirs were parties to the proceedings.
The irregularities are not jurisdictional, and the rights of strangers to the proceedings resulting in a sale are not affected by them.
clerical error.
We note that in the brief it is stated that the judgment in the partition suit is fatally defective in another respect.
That it does not mention two of the plaintiffs.
It is not made a ground in plaintiff’s petition. We do not feel at liberty to annul a partition upon a ground not judicially alleged. The District Judge says it was a clerical error.
It is therefore ordered, adjudged and decreed that the judgment appealed from is affirmed at appellant’s costs.