Statement of the Case.
NICHOLLS, J.
The plaintiffs in this suit are Wilson Varnado and Fannie V. Varnado. They declare themselves to he residents of the state of Mississippi. They represent: That the plaintiff Wilson Varnado is the father and duly qualified natural tutor of the minors Louis A., Lolie L., Henry G., Leonard L., Nellie P., Charles, and Josephine M. Varnado, issue of his marriage with his wife, Mary Josephine Varnado, deceased, late of the parish of St. Tammany, as would appear by the proceedings on the docket of the district court for that parish in the matter of the succession of'Mary Josephine Varnado.
That at the death of his said wife she was the owner in her own right of a one-third interest in three certain tracts of land, which were described, the first being a tract of 80 acres, the second a tract of 172 acres, the third a tract of 160 acres, together with a sawmill, machinery, fixtures, lumber, etc. That at her death her children became the owners of the half interest accruing to her as the wife in community with her said husband, who was the owner of one third interest on said property, the other third being the property of C. C. Mitchell; the interests of the children being therefore one-third plus» one-sixth, or one-half, of 402 acres. That the said property was acquired by the Alton Lumber Company, an ordinary partnership, consisting of Wilson Varnado, his wife, Mary Josephine Varnado, and G. Mitchell, each owning one-third.
That the Alton Lumber Company was dissolved by the death of Mary Josephine Varnado. That it had ceased to exist, and had no liabilities and no assets. That in December, 1894, the firm known as the Alton Lumber Company desired to borrow money on its plant to pay its debts, and found one A. Menendez, who was willing to lend it upon a sale with a right of redemption. That it became necessary to hypothecate the interest of the minor heirs of said Josephine Varnado, who died on the-day of-, 189-.
That accordingly Wilson Varnado, who was then in great financial stress, was advised by counsel to qualify as tutor of his said children, and by legal proceedings to hypothecate the • interest of said minors in said property to obtain necessary funds to pay debts and run the sawmill erected on said property. That accordingly proceedings were carried in the mortuary proceedings of the succession of their mother. That said proceedings were altogether irregular, null, and void as to the interest of said minors in the succession of their mother, consisting of one-third of her paraphernal right, and one-sixth, being'her half or community interest in the one-third held and acquired by her husband, Wilson Varnado, during his marriage with her. That said proceedings were null and void, because (1) no court had power or authority to authorize the hypothecation or mortgage of the interests of said minors for the carrying on of the said mill business, and no court had power or authority to authorize the incurring of any debt for such purpose affecting in any way the interests of said minors. That, if said pretended sale with right of redemption was a sale at all, the same was invalid, because made at private sale, for purposes other than those of partition; and that the proceedings upon their face disclose said transaction to be no sale at all, but a mere security of debt. That, if the family meeting had power to mortgage at all, they had no power to advise a sale with right of redemption, incurring the forfeiture of minors’ property, by the mere failure to pay the debt, with consequent waiver of appraisement, and the ben *75 efit of sale at public, or even private, offering. .That said sale or mortgage was and is null and void, because the clerk of the court who pretended to homologate the proceedings of the alleged family meeting held on behalf of said minors had no jurisdictional power or authority to act in the premises in the absence of sworn proof that the judge of the Sixteenth judicial district court was absent 'from the parish at the time. That no proper inventory of the effect of said minors was made. That O. C. Mitchell, one of the co-proprietors with said minors, was appointed a member of the family meeting to advise the hypothecation of their property, but did not participate in its meeting because of his interest, and the clerk holding said meeting appointed W. C. Pharis a member thereof.
That an officer holding a family meeting has no power to appoint a substitute to one who had been appointed a member of the family meeting, except in the event of his absence after notice, and that the appointment of a substitute to one disqualified must be made by the judge.
That there has never been a judgment of court homologating the proceedings of said pretended family meeting.
That the clerk of the court who held said meeting was legally incompetent to homologate and approve its deliberations as a judicial act, and that in chambers, and without affidavit of the absence of the district judge.
That said Menendez, who was legally in bad faith, in order to add what strength he could to his title, acquired a pretended tax title to said property, which is null and void as against said minors, as a part of the plan to dispose of their interests in said land.
That said Menendez was at least a co-owner with said minors, and could not divest them of their interests by purchase of said property at tax sale.
That said property was claimed as sole owner thereof by one Peter H. Lewis. That said Lewis had full knowledge of the infirmity and nullity of his pretended title prior to his acquisition.
That said Peter H. Lewis sold movable effects from said property, and attached-thereto as immovables by destination, consisting of lumber, machinery, and fixtures, to the value of $1,000, and timber from said lands to the value of $500, of which one-half accrued to petitioner Fannie Y. Yarnado and the other children of Mary Josephine Varnado, who were still minors, and were represented by petitioner Wilson Varnado, their natural tutor. That petitioners desired a partition of their interests with Lewis. They prayed that Peter H. Lewis, residing in the city of New Orleans, be cited; that petitioners Fannie Yarnado and said minors be recognized as owners, and entitled to the possession of said property as above described.
That he be condemned to pay petitioner the sum of $750, half of amounts realized by him from said properties, with legal interest thereon from say January 1, 1897, until paid, and all costs of these'proceedings; and that there be judgment decreeing a partition of said property, and that said Lewis do account to petitioners for one-half of all rents and revenues of said property accruing during his possession and control thereof.
They prayed for all orders necessary, and 'for all general and equitable relief in the premises.
Lewis excepted, first: That it appeared by said petition that the plaintiff Wilson Varnado was without right or authority to bring this action, or to question the title of the defendant to the lands described in the petition, for this: that it was alleged in said petition that said Wilson Varnado was appointed tutor of the minors named in the petition by the district court for the parish of St. Tammany, La. It appeared by the proceed *77 ings in the matter of the succession of Mary Josephine Varnado, referred to in said petition, that said Wilson Varnado was at the time he was so appointed tutor a resident of the parish of St. Tammany, La., and that it was alleged in said petition that said Wilson Varnado was at present a resident of the state of Mississippi. Wherefore he alleged that the appointment of said Wilson Varnado as such tutor was vacated hy his removal from the state of Louisiana, and that he had, therefore, no right or authority to sue on behalf of said minors as such tutor. That it did not appear by said petition that Fannie V. Varnado, named as a plaintiff, had any right or standing to bring this action, because it was not alleged in said petition that she had any right or interest in the lands described in the petition, or any interest in the matters alleged in said petition.
Reserving the benefit of these exceptions, and only in case the same were overruled, defendant excepted that the said petition stated no cause of action in favor of the plaintiffs against this defendant. Reserving the benefit of these exceptions, and only in case the same were overruled, defendant says that it was not alleged in said petition that the plaintiffs had returned or offered to return to him the amount paid by him for the lands described in the petition, and which were received by the said Wilson Varnado, as tutor of said minors, for the use and benefit of said minors. Wherefore defendant prayed that the plaintiffs’ petition and demand be dismissed and rejected at their costs..
The district court sustained the exceptions, and plaintiffs appealed.
Opinion.
The transcript contains no note of evidence and no copy of the minutes of the court, though the proceedings in the matter of the succession of Mary Josephine Varnado are copied in full. Counsel of appellants says in his brief that they were offered and received without objection, and that it will appear therefrom, that Fannie Varnado is one of the children of Mary Josephine Varnado; that, even if the suit were dismissed as to the minors, her presence as a plaintiff would hold it in court, as she herself would be entitled to bring the action and maintain the action, even as regards the prayer for a partition; that in fact the prayer for a partition, even as to all parties, could be ignored as unauthorized, and yet remain upon the other portion of the demand. The discussion of counsel on both sides is principally as to whether the father of the minors, after qualifying as such in Louisiana, and subsequently removing to Mississippi, lost ipso facto the tutorship, or whether he remained tutor until some action had been taken by a court, based upon such act of removal; and whether until then an attack upon his capacity, as urged in this suit, was not a collateral attack. The case does not call for a decision on that question, for the father does not bring this action in his capacity as tutor, though he mentions the fact that he is such. The action seems to have been instituted under the authority of Fisk v. Fisk, 2 La. Ann. 77, 78, in which case this court, referring to a father who brought the action, said:
“He can, under the laws of Wisconsin as a prochein ami, and under those of Louisiana as a father, take all the necessary steps for the preservation of such funds belonging to his children as he is not authorized to receive. The claim may be liquidated, and the amount allowed be brought into court, on his application, and, if necessary, either lent upon mortgage or invested in real estate for the benefit of the minors, under the equity process of the court and the reason and object of article 348 of the Civil Code. An analogous proceeding is usually resorted to for the benefit of the usufructuaries who are unable to give the security required of them by law. 8 Civ. Code, art. 5o6.
“The plaintiff may proceed in the present suit as the father and the friend of the minors to liquidate these claims, and cause the amount .of them to be brought into court, and if ultimately he cannot give security he may provoke *79 the investment of it'in real estate, or the loan of it on mortgage, to be made by order of court, rendered on the advice of a family meeting held in presence of the undertutor.”
Had the pleadings in this case and the parties before the court been such as would have successfully withstood exceptions which would effectually cause its dismissal before judgment, we would be inclined to sustain the father’s right to appear to the extent, at least, necessary for the protection of his children’s rights, as was held to be authorized in the Fisk Case; but we do not think it would be to the interest of any one that matters should proceed further than they have as matters actually stand.
As it is, the bringing of the suit may have benefited the children (so far, at least, as Lewis is concerned) by checking the running of prescription. There is an incidental allusion to Fannie Varnado in the petition as “among” the children of Mary Josephine Varnado, but we think no good purpose would be subserved by letting the suit proceed under its present pleadings and with the parties before it, Menendez has apparently interests in the subject-matter of the litigation, and the precise relations between Menendez and Lewis themselves and both of them in respect to the property is not set out. There are other deficiencies which we need not specify.
We think the judgment appealed from should be, and it is hereby, affirmed.