On Rehearing.
In defendant’s application for a rehearing, it is urged: '
First. That the court erred in holding that George and Alice Roth, nephew and niece of Louis Edward Schreiber, and children of his predeceased sister, Mrs. Roth, did not inherit in their own right in his succession, but by representation of their deceased mother, and that said children are estopped from prosecuting a right of action derived from the succession of their deceased uncle, whose succession consists of his right of action for his one-seventh interest in the property described-in plaintiffs’ petition.
Second. That it erred in holding that Mrs. Roth or her children acquired “an additional interest” in said property by the death of Louis Edward Schreiber, and that said children are barred by the estoppel of warranty of their mother from prosecuting a right of *224 action derived from the succession of their uncle Louis Edward Schreiher.
Third. That Mrs. Roth acquired no such additional interest, for she did not survive or inherit from Louis Edward Schreiher.
Fourth. That said children acquired no such additional interest, and are not harred by the estoppel of warranty of their mother, because they inherited nothing from their mother, who, as found by the court, had parted with her interest in said property before her death, and because the only interest ever acquired by said children was inherited by them directly and in their own right from their uncle Louis Edward Schreiher, without being bound by any act or obligation of their mother.
We did not err in holding that the children of Mrs. Roth did not “inherit in their own right,” but inherited by representation of their deceased mother. Article 897 of the Civil Code is express on that subject. The matter was discussed and explained by us in the Succession of Meyer, reported in 44 La. Ann. 871, 11 South. 5S2.
Whether these children, by inheriting by representation in the succession of the uncle, became bound by the prior ratification of' their mother of the proceedings taken in the two partitions, and the sales made therein, presents a different question.
On reconsideration, we think the court was in error in reaching that conclusion. In dealing with the subject of representation, the Code declares (article 894) that “representation is a fiction of the law the effect of which is to put the representative in the place, degree and rights of the person represented.” This provision of the law refers to the status and situation of the party represented with reference to the particular succession in which children are claiming to .inherit.
Applying the fiction of the law by assuming the continued existence of the mother of these children beyond tbe death of her brother, and: supposing her to have been a claimant herself in that succession, no question of the warranty of the sale made in the partition suit would have entered as a factor. That question would arise only later, after her rights as an heir in the succession had been recognized, and as between herself and the party whose title she might be seeking to annul. We acted inadvisedly in enlarging the fiction so as to continue the mother’s existence until after she had taken the property in her brother’s succession, and to make it then pass from her to her children struck by warranty obligations thrown upon it during this fictitious ownership of hers as an heir in her brother’s succession.
The error of our conclusion'on the subject of the estoppel of the Roth children from contesting the proceedings and sale in the first partition suit can be, and is, recognized without the necessity of a rehearing. But our doing so requires at our hands consideration of the grounds of objection raised by the defendant which we failed to pass upon.
An examination of the pleadings and statement of facts will show that there were two partition proceedings in which Mrs. Schreiber acted for and on behalf of Louis Edward Schreiher as his tutrix. The first proceedings and the sale thereunder are questioned herein. The second proceedings and sale are not. We direct our attention to the grounds of the objection urged against the first partition proceedings, and the sale made thereunder. These objections all go to the want of authority of the mother to have represented Louis Edward Schreiher, and to a claim that they were not properly made parties to that proceeding.
We see no force in the objection that the mother, by reason of her sex, was incapacitated from being appointed to represent the minor Louis Edward Schreiber as tutrix or curatrix ad hoc. If she had the legal capacity to have been appointed permanently as tutrix of that minor, she had the capacity to be appointed such for a special purpose. *225 We think that the court, in the selection of a person to represent the minors, acted judiciously. As we said in Mortgage Co. v. Pierce, 49 La. Ann. 400, 21 South. 976, the parent “would presumptively be much more concerned in the welfare of the children than a stranger.” Varnado v. Lewis, 113 La. 72, 36 South. 893. The proceedings of the first partition suit are not all before us.
We find in the transcript an oath taken by the mother after the judgment of partition, but in the interval between the- sale and the partition proceedings, in which the price of the sale was divided and distributed. In these proceedings she took part as tutrix. Why an oath was taken at that time, we do not know. Though she could write her name, that particular oath was signed with her ordinary mark. We are by no means satisfied that this was the only oath taken by her. We think it quite probable that it was supposed to be necessary that she should take an additional oath for the purpose of the partition proper, or under some proceeding not before us. In the partition proceedings she was cited as tutrix, and the judgment in the partition proceeding was rendered by the court contradictorily with her as the duly qualified tutrix ad hoc. At the sale under the judgment, Charles Weiss purchased on the faith of the proceedings, and paid the price. That sale took place on June 20, 1880, and no question was raised as to the legality of the proceedings and the sale made thereunder until raised by the purchaser at this sale., The minor Louis Edward Schreiber lived at least four years after his majority without manifesting the slightest intention of repudiating the action of his mother in acting in her behalf in the two partition proceedings referred to.
The syllabus in the case of Bruhn v. Firemen’s Building Association, 42 La. Ann. 481, 7 South. 556, reads that:
“While it is necessary that the proceedings should be carried on contradictorily with the tutrix of the minors, when it appears that she participated therein and approved the same, failure to cite her will be cured.”
In the case before us a representative of the minor was cited. In Shaffet v. Jackson, 14 La. Ann, 154, this court, referring to a judicial sale made in a partition proceeding, and to the objections urged to its Validity, said:
“As to the first ground of nullity, it does not appear that the father of the minors was ever confirmed by a judgment as their natural tutor, ..or that an undertutor had ever been appointed, but it does not follow from these facts that the minor could not be sued, and that a judgment rendered against him would be necessarily void. Article 116 of the Code of Practice provides that, if the minor against whom one intends to prosecute a suit has no tutor nor curator ad litem, the plaintiff must demand that a curator ad hoc be named to defend the suit. In the suit for partition the plaintiff applied for and obtained the appointment of a curator ad hoc to defend the action, and, as a purchaser in good faith, the minors must be held at this distant period to have been properly represented in the suit, or at least to have ratified the proceeding by their long silence and acquiescence. Sales directed by the court of probates are judicial sales, and the purchaser is protected by the decree ordering them, and, if the court had jurisdiction, the purchaser need not look beyond the decree. Lallande’s Heirs v. Moreau, 13 La. 431.”
See on that subject Linman v. Riggins, 40 La. Ann. 765, 5 South. 49, 8 Am. St. Rep. 549; also Young v. Courtney, 13 La. Ann. 194; Crawford v. Binion, 46 La. Ann. 1266, 15 South. 693; McCoy’s Heirs v. Derbonne, 109 La. 315, 33 South. 326; Civ. Code, art. 1289.
Under the special facts of this particular case, we are of the opinion that our original opinion should remain undisturbed, and it is hereby so decreed.