LAND, J.
 

 The plaintiffs August Jacob and his son, August B. Jacob, are co-owners with the 23 defendants of certain marsh lands in the parish of St. Mary.
 

 V The present suit was instituted for the purpose of effecting a partition of this property by licitation, and an attorney at law was appointed to represent 16 of the defendants, who are absentees, and among whom there are several minors. Five of the defendants of full age, the present appellants, filed an exception of no right or cause of action to plaintiffs’ petition.
 

 • This exception was overruled, and judgment was rendered in favor of plaintiffs ordering the lands to be partitioned sold at public auction, and referring all of the parties to a notary public for the purpose of completing the partition.
 

 The sole issue presented by the exception is whether the 16 absentee defendants may be represented by the same attorney, or whether there should he a special tutor ad hoc appointed to each of the 7 absentee minors.
 

 In Crawford v. Binion, 46 La. Ann. 1265, 15 So. 694, the question now before us was duly considered. It is said by the court in that case:
 

 “This brings us to the second point presented in plaintiff’s petition to annul the petition, that the minors who had conflicting interests could not be represented by one curator; that each absent minor must be represented by a curator ad hoc.
 

 “The law’s provision upon the subject is, that .the several minors who have opposite interests in the partition, and. who have the same tutor, ‘there shall be appointed to each of them a special tutor ad hoc whose functions' shall cease after the partition has been effected.’ C. C. [art.] 1369.
 

 “The sale made to effect a partition is merely one of the acts of the partition. Hooke v. Hooke, 14 La. 23.
 

 “In establishing the shares of the minors in the partition who have opposite interests, special tutors must be appointed also in forming lots in a partition in kind, for in forming these lots the minor absolutely parts with an interest and becomes the absolute owner of the interest allotted to him.
 

 “The necessity of such an appointment does not arise in the matter of the sale of the property to effect the partition.
 

 “The rights of the defendants inter se remained as if no sale had been made. Their rights attach- to the proceeds. In definitely settling those rights, a conflict of interest may arise rendering it necessary to appoint a special tutor to each minor.
 

 “The proceedings to sell do not suggest the necessity of appointing a different curator ad hoc to represent each party in interest.
 

 “The functions of the curator are not of such a character as require such separate representation at the sale.
 

 “In Succession of Pinniger, 25 La. Ann. 55, a similar question was considered, and the court in that case announced that the fact that there were not special tutors ad hoe appointed for the minors at the sale did not concern the purchaser; that the duty of such tutors begins at the partition before the notary, and if not appointed at the time of the sale they may be appointed afterward, before the notary begins the partition.
 

 “In Emmer v. Kelly, 23 La. Ann. 764 the court said: ‘In the ulterior proceedings — that is, after the sale — especially in the act making the partition,, separate tutors were severally appointed by [for] the minors.’
 

 “In the Rev. Civil Code the article requiring such appointments — viz. article 1369 — is found under the rubriques: ‘How the notary is bound to proceed in judicial partition,’ and relates more particularly to the forming of lots and the method to be followed in' the partition proper.”
 

 The following authorities hold that the appointment should be made, if necessary -because of conflicting interests, before the notary makes the distribution of the proceeds, and not at the time of the filing of the suit and prior to the judgment: Crawford v. Binion, 46 La. Ann. 1265, 15 So. 693; Succession of Pinniger, 25 La. Ann. 55; Emmer v. Kelly, 23 La. Ann. 763, 764.
 

 Appellants have not instituted suit to annul the partition on the ground that, in the settlement of their rights attaching to the
 
 *117
 
 proceeds of the sale of the property to tie partitioned, the absentee minors had opposite interests, but were not represented each by a special tutor ad hoc in the proceedings. But appellants rely entirely upon an exception of no right or cause of action pleaded in limine to plaintiffs’ petition in the incipiency of the proceedings for partition, and before any conflict of interests, such as might require the separate appointment of a special tutor ad hoc to each minor, is shown to have arisen, as far as the allegations of the petition are concerned.
 

 It is clear that a mere allegation of common ownership in the property to be partitioned is not a sufficient averment that the absentee minors have opposite interests in the partition, in view of the authorities already cited above.
 

 Judgment affirmed.